UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERI HARCHAR,**

       **Plaintiff,**

                        Civil Action 2:16-cv-973
    **v.**                        Judge James L. Graham
                        Magistrate Judge Elizabeth P. Deavers

**GENERAL MOTORS CO.** *et al.***,**

       **Defendants.**

## ORDER and REPORT and RECOMMENDATION

Defendant General Motors Company ("General Motors") filed a notice of removal of this action from the Franklin County Court of Common Pleas on October 7, 2016. (ECF No. 1.) At the time of removal, Plaintiff had not effected service of process over Defendant Matthew Shortland ("Shortland") and Defendant TK Holdings had not been named in the action. (ECF No. 1-3.) Plaintiff filed an Amended Complaint on November 16, 2016, which named TK Holdings as a substitute Defendant. (ECF No. 7.)

On February 27, 2017, the Court ordered Plaintiff to effect service upon Defendants Shortland and TK Holdings, within fourteen days or to alternatively show cause why the Court should not dismiss this action pursuant to Rule 4(m). (ECF No. 9.) The Court cautioned Plaintiff that failure to comply with the Order would result in dismissal of Shortland and TK Holdings without prejudice. (*Id.*) Plaintiff responded to the Show Cause Order on March 13, 2017 seeking additional time to effect service over TK Holdings only. Plaintiff's request is well

taken, for good cause shown.  The Clerk is, therefore, **DIRECTED** to issue the summons for TK Holdings filed by Plaintiff on March 13, 2017.  (ECF No. 12.)

Pursuant to Federal Rule of Civil Procedure 4(m), when a plaintiff fails to serve a defendant within 120 days of filing the complaint, and fails to show good cause for lack of service, the Court may dismiss the action without prejudice.  Fed. R. Civ. P. 4(m).  Accordingly, it is **RECOMMENDED** that the Court **DISMISS** without prejudice as to Defendant Matthew Shortland.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d

2

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date: March 14, 2017                               /s/ *Elizabeth A. Preston Deavers*
                                                                   ELIZABETH A. PRESTON DEAVERS
                                                                   UNITED STATES MAGISTRATE JUDGE